ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email: swanise@gtlaw.com

CASEY SHPALL, ESQ.*
GREGORY R. TAN, ESQ.*
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Email:  shpallc@gtlaw.com
          tang@gtlaw.com

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT SINGER,<br><br>                    Plaintiff,<br><br>       v.<br><br>C. R. BARD, INCORPORATED and BARD PERIPHERAL VASCULAR, INCORPORATED,<br><br>                    Defendants. | Case No. 2:19-cv-01579-JCM-BNW<br><br>**STIPULATION TO EXTEND DISCOVERY AND PRE-TRIAL DEADLINES**<br><br>**(THIRD REQUEST)** |

COME NOW Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard" or "Defendants") and Plaintiff Robert Singer ("Plaintiff"), by and through their undersigned counsel of record, pursuant to LR IA 6-1, and hereby stipulate that the discovery deadlines be extended as outlined below.  This is the third requests for extension of discovery deadlines.

This Stipulation is entered into as a result of the current national emergency caused by the spread of COVID-19.  The process of collecting Plaintiff's medical records in this case is taking longer than originally anticipated because of delays due to medical providers' efforts to focus on the pandemic, medical practice staffing shortages, and government agency

furloughs.  The parties are now in the process of deposing fact witnesses, and the Plaintiff has been deposed.  However, it has been extremely difficult, in light of the COVID-19 pandemic, to schedule the depositions of Plaintiff's treating physicians. The medical testimony is essential to the prosecution and defense of the case.  Additionally, the Parties continue to actively engage in global settlement discussions.

Pursuant to Federal Rules of Civil Procedure 6(b) and 26, and the Court's inherent authority and discretion to manage its own docket, this Court has the authority to grant the requested extension.  Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time the court may, for good cause, extend the time...."); Fed. R. Civ. P. 26(a) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").  Furthermore, Federal Rules of Civil Procedure 26(c) and 26(d) vest the Court with authority to limit the scope of discovery or control its sequence. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.").

This Court therefore has broad discretion to extend deadlines or stay proceedings as incidental to its power to control its own docket – particularly where, as here, such action would promote judicial economy and efficiency. *Bacon v. Reyes*, 2013 U.S. Dist. LEXIS 143300, at *4 (D. Nev. Oct. 3, 2013) (*citing, Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984)) ("Whether to grant a stay is within the discretion of the court"); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

For the foregoing reasons, the parties stipulate and request that this Court modify the Stipulated Discovery Plan and Scheduling Order, Dkt. 37, as follows:

| PROPOSED DATE | DEADLINE |
|---|---|
| March 8, 2021 | Case-specific fact discovery closes. |
| April 5, 2021 | The Plaintiff shall produce case-specific expert reports. |
| May 3, 2021 | The Defendants shall produce case-specific expert reports. |
| May 31, 2021 | The Plaintiff shall produce any case-specific rebuttal expert reports. |
| June 28, 2021 | The Defendants shall produce any case-specific rebuttal expert reports. |
| July 26, 2021 | Deadline to depose the Plaintiff's case-specific experts. |
| August 23, 2021 | Deadline to depose the Defendants' case-specific experts. |
| September 20, 2021 | Deadline to file Daubert motions and other dispositive motions. |

**IT IS SO STIPULATED**. Dated this 17th day of November 2020.

WETHERALL GROUP, LTD.

By: */s/ Peter C. Wetherall*
PETER C. WETHERALL, ESQ.
Nevada Bar No. 4414
pwetherall@wetherallgroup.com
9345 W. Sunset Road, Suite 100
Las Vegas, Nevada 89148
Telephone: (702) 838-8500
Facsimile: (702) 837-5081

*Counsel for Plaintiff*

GREENBERG TRAURIG, LLP

By: */s/ Eric W. Swanis*
ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
swanise@gtlaw.com
10845 Griffith Peak Drive, Ste. 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: swanise@gtlaw.com

*Counsel for Defendants*

**IT IS SO ORDERED.**

BRENDA WEKSLER
United States Magistrate Judge

Dated November 20, 2020.

The Court encourages the parties to complete discovery during this newly extended period using all technological means possible.